Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000771
31-JAN-2017
08:47 AM

NO. CAAP-15-0000771

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ZH, Plaintiff-Appellant,
v.
CH, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(UCCJEA NO. 14-1-6026)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

This appeals arises out of an order modifying custody after the entry of a divorce decree. Plaintiff-Appellant ZH (Father) and Defendant-Appellant CH (Mother) were divorced in Colorado in 2011, and the Colorado court entered a Divorce Decree and a Separation and Parenting Plan Agreement (collectively, Colorado Divorce Decree). Father and Mother are the parents of two minor children (Children) who were born during their marriage. On September 26, 2013, the Colorado court entered an order confirming an arbitration award that gave Mother "primary care" of the Children and provided for a "50/50 parenting time plan" reached through a mediated agreement or court intervention if Mother and Father reside within 35 miles of each other (Colorado Order).

In January 2014, Father moved to Hawai'i where Mother was residing with the Children. Father filed an action in

Hawai'i pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and in April 2014, Father filed a motion for post-decree relief, seeking joint custody. Prior to the hearing on Father's motion, his UCCJEA action was dismissed for non-payment of fees, but Father did not receive notice of the dismissal before the hearing. Mother appeared at the hearing, paid the necessary fees, and the Family Court of the First Circuit (Family Court) reinstated Father's UCCJEA action and held a hearing on Father's motion. At the hearing, for which Father failed to appear, the Family Court[1] denied Father's motion for joint custody, awarded Mother temporary sole physical custody of the Children, and directed that any further motions be filed in Colorado as Colorado was the appropriate jurisdiction. The Family Court's rulings were memorialized in an Order for Post-Decree Relief filed on May 23, 2014 (May 23, 2014, Order).

In May 2014, Father filed a second UCCJEA action in Hawai'i. On October 10, 2014, the Family Court held a UCCJEA conference with the Colorado court. The Colorado court declined to exercise jurisdiction over the parties' custody dispute. The Family Court assumed jurisdiction and ruled that prior orders, including its May 23, 2014, Order, would remain in effect.

A trial to determine the custody of the Children was held on September 8, 2015. Following the trial, the Family Court[2] filed its "Order Re: Trial Issues" (Trial Order). The Family Court ruled that, "[b]ased on the totality of circumstances of this case, and pursuant to the best interest of the subject children, and the credible and reliable evidence adduced at trial," Mother was awarded sole legal and physical custody of the Children, with Father awarded visitation on alternate weekends and equal sharing of school breaks, major holidays, and special days. The Trial Order also awarded $1,100

---

[1] The Honorable Christine E. Kuriyama presided.

[2] The Honorable Sherri L. Iha presided.

2

in back child support and ongoing child support according to the Child Support Guidelines.

On January 7, 2016, the Family Court issued "Findings of Fact and Conclusions of Law" in support of its Trial Order. Among other things, the Family Court determined:

> The high conflict and inability of the parties to co-parent along with Father's unilateral decision making and unwillingness and inability to communicate with Mother constitutes a material change in circumstance from the Colorado Order issued on July 13, 2013.[3/] It is in the best interest of the children that Mother be awarded sole legal and physical custody of the Minor children.

I.

Father appeals from the Trial Order. Father contends:

(1) The Family Court erred in modifying the Colorado Order by awarding sole legal and physical custody of the Children to Mother because (a) Mother failed to show a substantial and material change in circumstances warranting the modification and (b) Mother failed to establish that, and the Family Court failed to properly determine whether, the Family Court's custody award was in the best interests of the Children.

(2) The Family Court erred in approving (by its Trial Order) the child-custody modification it had previously made to the Colorado Order through its May 23, 2014, Order, because the Family Court lacked jurisdiction to enter the May 23, 2014, Order and because Mother failed to satisfy the material change in circumstance standard at the time the May 23, 2014, Order was entered.

(3) Because the Family Court's custody rulings were wrong, it erred in awarding child support and child support arrearages to Mother.

We affirm the Family Court's Trial Order.

---

[3/] It appears that the Family Court meant to refer to the Colorado Order issued on September 26, 2013.

3

II.

We address Father's arguments on appeal as follows:

A.

Based on the Hawai'i Supreme Court's recent decision in Waldecker v. O'Scanlon, 137 Hawai'i 460, 375 P.3d 239 (2016), we reject Father's argument that the Family Court erred in modifying the Colorado Order because Mother failed to show a substantial and material change in circumstances warranting the modification. In Waldecker, the supreme court overruled previous decisions of this court imposing a material change in circumstances requirement, holding that:

> the requirement of a material change in circumstances is inconsistent with [Hawaii Revised Statutes (HRS)] § 571-46. Accordingly, we overrule Nadeau[ v. Nadeau, 10 Haw. App. 111, 861 P.2d 754 (1993),] and Hollaway[v. Hollaway, 133 Hawai'i 415, 329 P.3d 320 (App. 2014),] to the extent they suggest that a material change in circumstances is required before the court can consider the best interests of the child in modifying a custody order. Rather than that two-step analysis, there is a single inquiry which focuses on the best interests of the child.

Waldecker, 137 Hawai'i at 470, 375 P.2d at 249. Accordingly, Father's challenge to the Trial Order on the ground that Mother failed to establish a material change in circumstances as a prerequisite for her to obtain a modification in custody must be rejected.

Father argues that Mother failed to establish that the award of sole physical and legal custody to Mother, with visitation to Father, was in the best interests of the Children. Father also argues that the Family Court failed to properly determine whether its custody award was in the best interests of the Children because it did not specifically address the factors set forth in HRS § 571-46(b). We disagree with Father's arguments.

"The trial court possesses broad discretion in making custody decisions and in its determination of what is in the best interests of the child." A.A. v. B.B., 139 Hawai'i 102, ___, 384 P.3d 878, 882 (2016). We review the family court's determination that a custody arrangement is in a child's best

4

interests under the clearly erroneous standard. See In re AS, 130 Hawai'i 486, 506 & n.18, 312 P.3d 1193, 1213 & n.18 (App. 2013).

The Family Court made its custody decision after holding a trial on the custody issues, in which both Father and Mother were permitted to present evidence. In its Trial Order, the Family Court stated that its custody decisions were based on the totality of circumstances and pursuant to the credible and reliable evidence adduced at trial and "the best interests of the subject children." In its Findings of Fact and Conclusions of Law, the Family Court determined that "[i]t is in the best interest of the children that Mother be awarded sole legal and physical custody of the Minor children." The Family Court's Findings of Fact and Conclusions of Law referred to, among other things, "[t]he high conflict and inability of the parties to co-parent along with Father's unilateral decision making and unwillingness and inability to communicate with Mother," and it also found that "[t]he evidence at trial demonstrated a long history of deception and gamesmanship on the part of Father."[4]

---

[4] The Family Court found, in pertinent part:

The Evidence at trial demonstrated a long history of deception and gamesmanship on the part of Father.

a) Initially, Father took the children without Mother's consent in contradiction to the original Colorado Decree.

b) During Mother's deployment in 2013, Father would not let Mother have any contact with the children.

c) Father changed [the daughter's] individual education plan and started [the daughter] on medication without consulting Mother.

d) Father contacted Mother's command and informed them that her family should be removed from military housing because he took custody of the children.

e) Father told Mother's command that Mother was not paying child support when Mother had been sending him child support payments.

f) In July of 2013, Father returned [son] to Mother without his stuffed Otter which [the son] was extremely attached to. Father kept the otter knowing that [the son] was upset and wouldn't talk to Father because of the otter.

(continued...)

5

We conclude that there was substantial evidence to support the Family Court's determination that its custody award was in the best interests of the Children as well as its findings regarding the inability of the parties to co-parent and Father's history of deception and gamesmanship. Although it would have been better for the Family Court to include findings that more directly addressed the factors set forth in HRS § 571-46(b), we conclude that the findings made by the Family Court and the evidence presented at trial were sufficient to support the Family Court's determination that its custody award was in the best

---

4/ (...continued)

g) In November of 2013, Father came to Hawaii to visit the children. Father brought the Otter to Hawaii, but refused to leave it with [the son] and returned back to Arizona with the Otter.

h) On January 30, 2014, without notice to anyone, Father showed up in Hawaii and picked up [the Children] from school.

i) Mother had been assigned to days of ship duty and when she found out that Father picked up the children without notice she had to catch a helicopter off her ship to return home. It wasn't until 2:00 in the morning that the children were returned home to Mother.

j) Father refused to give Mother any information about his housing situation or why he was in Hawaii.

k) Father claims that he did not give Mother notice that he was moving to Hawaii because she would have moved away.

l) Despite showing up without any notice, Mother offered to allow him to have the children the following weekend which was February 7, 2014 for a visitation.

m) Five minutes before the visit was to commence, Father cancelled and said he would take the children the following weekend because it was a long weekend. Mother said that the children had plans the following weekend and would even give him extra time this weekend. Father refused the visit.

n) The following weekend Mother was getting remarried. Father brought police to the wedding to exercise "his visit".

o) Father bought [the daughter] glasses and then refused to allow her to use them at school or at Mother's home.

p) Father refused to cooperate with Mother on getting medically necessary braces for [the son].

6

interests of the Children. Accordingly, we hold that the Family Court did not err in its award of custody.

B.

Father argues that the Family Court employed a "flawed procedure" in entering its May 23, 2014, Order, which modified the custody provisions in the Colorado Order, because he claims that the Family Court lacked jurisdiction to modify custody when it entered the May 23, 2014, Order and because there had been no material change in circumstances. However, as noted, Waldecker, 137 Hawaiʻi at 470, 375 P.2d at 249, eliminated the requirement that there be a material change in circumstances before the family court can modify a custody order. In addition, the Family Court clearly had jurisdiction to modify custody at the time it held its trial on the custody issues and entered its Trial Order in September 2015, as the Colorado court had declined jurisdiction over the parties' custody dispute in October 2014. Any deficiency in the procedures employed by the Family Court in entering its May 23, 2014, Order does not affect the custody award at issue in this appeal, which the Family Court entered pursuant to the evidence presented at the September 2015 trial. Accordingly, Father's claims regarding the procedures employed in entering the May 23, 2014, Order do not provide him with a basis to challenge the custody award in the Trial Order.

C.

We reject Father's challenge to the Family Court's award to Mother of $1,100 in back child support and ongoing child support in accordance with the Child Support Guidelines. The record indicates that the $1,100 award in back child support was awarded pursuant to the Colorado Order. Father does not contest the Colorado Order, and he provides no valid basis to overturn the award of back child support. Father's challenge to the Family Court's award of ongoing child support is based on his claim that the Family Court erred in awarding sole physical and legal custody to Mother in its Trial Order. However, we have upheld the Family Court's award of custody in the Trial Order,

and therefore, Father's challenge to the award of ongoing child support fails.

                                    III.

          For the foregoing reasons, we affirm the Family Court's Trial Order.

          DATED:   Honolulu, Hawaiʻi, January 31, 2017.

On the briefs:

Rebecca A. Copeland
for Plaintiff-Appellant

Paul A. Tomar
Lynne Jenkins McGivern
Jill M. Hasegawa
Gemma-Rose Poland Soon
(Ashford & Wriston)
for Defendant-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M. Reifurth*

Associate Judge

*Fleur M. King*

Associate Judge